IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDUARDO M. BRAVO,

       Plaintiff,

v.                                       No. 16cv1061 WJ/SMV

CHILD SUPPORT ENFORCEMENT DIVISION
OF NEW MEXICO,

       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 23, 2016 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 23, 2016 ("Complaint"). For the reasons stated below, the Court **GRANTS** Plaintiff's Application and **DISMISSES** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint shall result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is

frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and that the following information is true: (i) his average monthly income during the past 12 months is $2049.00; (ii) his monthly expenses total $1,635.00; (iii) he has $70.00 cash and $30.00 in bank accounts; and (iv) he is barely making ends meet. The Court finds that Plaintiff is unable to pay the filing fee because his monthly income only slightly exceeds his monthly expenses.

**Dismissal for Lack of Jurisdiction**

Plaintiff asserts a gender discrimination claim against Defendant Child Support Enforcement Division based on the following facts alleged in his Complaint. Plaintiff has been divorced twice. One of his ex-wives owes him over $16,000.00 in back child support and only pays him $49.00 per month. Plaintiff pays child support to his other ex-wife. Defendant Child

Support Enforcement Division threatens Plaintiff with "jail confinement and loss of [his commercial driver license]" regarding his child support payments to his one ex-wife, but does not help Plaintiff obtain the child support owed to Plaintiff by his other ex-wife. Plaintiff seeks payment by Defendant of the back child support owed to Plaintiff, payment for the "harassment and threat of imprisonment and loss of [commercial driver license]," and an order that "stop[s Defendant] from discriminating against men and non-custodial parents." Complaint at 5.

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not

3

'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. The Court also dismisses Plaintiff's claim for prospective relief, that the Child Support Enforcement Division stop discriminating against men, because Plaintiff is suing a division of the State of New Mexico instead of state officials. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which shows this Court has jurisdiction and states a claim, and which includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 23, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 23, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**